# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEGHENY COUPLING COMPANY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) C.A. No. 06-76 Erie<br>) District Judge McLaughlin |
| BETTS INDUSTRIES, INC., | )<br>) |
| Defendant. | )<br>)<br>) |

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., J.

    This matter is before the Court upon Plaintiff's Motion to Strike Defendant's Motion for Attorney Fees and Plaintiff's Motion to Strike Bill of Costs (collectively, the "motions to strike"). In the Complaint underlying this action, Plaintiff sought damages for alleged Lanham Act violations and underlying state common law torts. On March 18, 2010, this Court granted summary judgment in favor of Defendants as to the Lanham Act claims. In so doing, I declined to exercise supplemental jurisdiction over the state common law tort claims and dismissed those without prejudice. Those claims are now pending in the Court of Common Pleas of Warren County, Pennsylvania. See Plaintiff's Motion to Strike Bill of Costs, p. 1.

    Following summary judgment, Defendant filed a Motion for Attorney Fees pursuant to Section 1117(a) of the Lanham Act and a Motion for Other Recoverable Costs pursuant to 28 U.S.C. Section 1920. During a status conference on May 13, 2010, Plaintiff indicated that it intended to oppose the Defendant's motions on the basis that, *inter alia*, Defendant was not a "prevailing party" as required by each of the statutes at issue. The parties and the Court agreed that, other than that threshold legal issue, the remaining issues raised by the motions would require an evidentiary

hearing. Accordingly, briefing was ordered on the "prevailing party" issue. Having now considered the briefs, the Court concludes, for the reasons which follow, that Defendant is a prevailing party in the instant action.

With respect to Defendant's Motion for Other Recoverable Costs pursuant to 28 U.S.C. Section 1920, Federal Rule of Civil Procedure 54(d)(1) provides that "costs – other than attorney's fees -- should be allowed to the prevailing party" unless a federal statute, court order, or conflicting rule of civil procedure provide otherwise. Without citing any authority, Plaintiff argues that, because its state common law tort claims were dismissed without prejudice, rather than on the merits, Defendant cannot be considered a prevailing party as to the federal claims. It contends that it would be inequitable to award costs to Defendant as a prevailing party when the possibility exists that Plaintiff could still prevail on the common law claims in state court.

Federal courts have repeatedly rejected this precise argument. In Head v. Medford, for example, the Eleventh Circuit held:

> There is no question but that the district court rendered a judgment in defendants' favor by granting their motion for summary judgment on plaintiff's federal claims although practically that apparently constituted only a small part of plaintiff's claims. That the district court declined to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 and dismissed all of plaintiff's remaining state law claims, does not impair the fact that, as far as the federal case was concerned, defendants prevailed. Thus, defendants were the prevailing party in the district court for purposes of Rule 54(d) and are entitled to their costs unless the district court has some special reason to deny the costs.

Head, 62 F.3d 351, 355 (11th Cir. 1995). The Seventh Circuit reached the same conclusion in Ogborn v. UFCW Union, Local No. 881, 305 F.3d 763 (7th Cir. 2002):

> Ogborn's remaining objection to the award of costs-that Local 881 was not the "prevailing party"-is also without merit. The district court entered judgment on Ogborn's federal claims and declined to exercise supplemental jurisdiction over his state-law claims. That resolution made Local 881 the prevailing party, even though the court dismissed Ogborn's state-law claims without prejudice.

Id. at 770. See also Doria v. Class Action Services, LLC, 261 F.R.D. 678, 685 (S.D. Fla. 2009) ("In the case at bar, Defendants are the 'prevailing party' because the civil RICO claim was dismissed with prejudice and the suit was dismissed. The fact that I declined to exercise supplemental jurisdiction over the state law claims does not change the fact that, as far as this federal litigation was concerned, Defendants prevailed."); Bond v. Sterling, Inc., 2000 WL 152031, *1 (N.D. N.Y. 2000) ("Because the Court granted Defendants' motion for summary judgment as to Plaintiff's federal claims and declined to exercise supplemental jurisdiction over the state law claims, thereby resulting in a dismissal of the Complaint in its entirety, Defendants are prevailing parties within the meaning of Rule 54(d)(1).").

In the instant action, each of the federal claims asserted by Plaintiff was resolved in favor of Defendant on summary judgment and the complaint was dismissed in its entirety. Accordingly, and consistent with the foregoing caselaw, I conclude that Defendant is indeed a prevailing party as required by Rule 54(d)(1).

I reach the same result with respect to Plaintiff's Motion to Strike Defendant's Motion for Attorney's Fees. As previously indicated, Plaintiff has moved for attorney's fees pursuant to Section 1117(a) of the Lanham Act. That section allows a prevailing party to recover attorney fees in "exceptional" cases. Plaintiff again argues, with no authority cited, that Defendant cannot be considered a prevailing party within the meaning of the Lanham Act because Plaintiff's state common law tort claims were dismissed without prejudice, rather than on the merits. However, courts have universally held that Section 1117(a) of the Lanham Act applies only to legal fees for work "performed in connection with claims filed under the Lanham Act." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000); U.S. Structures, Inc. v. J.P. Structures, Inc., 130 F.3d 1185, 1193 (6th Cir.1997) ("[U]nder 15 U.S.C. § 1117(a), attorneys' fees are recoverable only for work performed in connection with claims filed under the Lanham Act."). As such, the resolution of related non-Lanham Act claims do not affect the availability of attorney fees under Section 1117(a). See, e.g., Welding Services, Inc. v. Forman, 301 Fed. Appx. 362 (11th Cir. 2008) (holding that the district court

had applied the correct legal standard in awarding attorney's fees pursuant to Section 1117(a) where Defendant had prevailed on the Lanham Act claims and the court declined to exercise supplemental jurisdiction over the state law claims); Jama Corp. v. Gupta, 2008 WL 108671, *2 (M.D. Pa. 2008) (awarding attorneys' fees pursuant to Section 1117(a) to plaintiff who prevailed on claims asserted pursuant to the Lanham Act despite that plaintiff's state law claims were dismissed on the merits). In short, there is no merit to Plaintiff's contention that Defendant should not be considered a prevailing party within the meaning of the Lanham Act because the court declined to exercise supplemental jurisdiction over Plaintiff's state common law claims.

Thus, for the reasons set forth above, Plaintiff Allegheny Coupling's Motion to Strike Defendant's Motion for Attorney Fees and Motion to Strike Bill of Costs are both DENIED.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEGHENY COUPLING COMPANY,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>BETTS INDUSTRIES, INC.,  )<br>)<br>Defendant.  )<br>)<br>) | C.A. No. 06-76 Erie<br>District Judge McLaughlin |

## **ORDER**

AND NOW, this 30th day of June, 2010, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Plaintiff Allegheny Coupling's Motion to Strike Defendant's Motion for Attorney Fees and Motion to Strike Bill of Costs are both DENIED.

It is so ORDERED.

/s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record. ___